United States District Court
Southern District of Texas
**ENTERED**
March 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| DAVID ABISAI REYES-MEDRANO, <br> Plaintiff, | § <br> § <br> § <br> § | |
| vs. | § <br> § | CIV. NO. 7:25-cv-00362 |
| JUAN MANUEL GARZA, JOSE ANDRADE, LAURA RENTERIA, SELENA HINOJOSA, JAMES LUGO, MIRABELLE GARZA, ISRAEL DE LA ROSA, TORIBIO PALACIOS, IMELDA PEREZ, CITY OF PHARR, RICARDO P. RODRIGUEZ, JR., DANIEL RODRIGUEZ, JUAN ALVAREZ, OFFICER FLORES <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, David Abisai Reyes-Medrano, proceeding *pro se*, initiated this action by filing a Complaint on July 21, 2025, against Defendants Juan Manuel Garza, Jose Andrade, Laura Renteria, Selena Hinojosa, James Lugo, Mirabelle Garza, Israel De La Rosa, Toribio Palacios, Imelda Perez, City of Pharr, Ricardo P. Rodriguez, Jr., Daniel Rodriguez, Officer Flores, and Juan Alvarez (collectively, "Defendants"). (*See* Dkt. No. 2). Therein, Plaintiff alleges various infractions under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (RA), and Texas state law. (*See generally id*. at 4). This case was subsequently referred to the undersigned magistrate judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b) and LR 72. (*See* Dkt. No. 16).

1

After careful review of the record and relevant law, the undersigned recommends Plaintiff's Complaint be **DISMISSED** as outlined within this Memorandum.

It is further recommended that the Motion to Appoint Counsel (Dkt. No. 4), Motion to Strike or Withdraw Prior Filing Due to Clerical Error (Dkt. No. 15), Emergency Motion in Brevis for Criminal Referral, ADA Enforcement, and Injunctive Relief (Dkt. No. 18), Motion for Writ of Habeas Corpus & Request for Criminal Investigation (Dkt. No. 19), Motion for Leave to File Electronically as a Pro Se Litigant (Dkt. No. 22), and Plaintiff's Motion to Consolidate Cases Pursuant to Rule 42(a) (Dkt. No. 32) all be **DENIED as moot.**

## I.   BACKGROUND

### A.   Plaintiff's Original Complaint

Plaintiff filed Plaintiff's Federal Civil Rights Complaint on July 21, 2025.[1] (*See* Dkt. No. 2).  Therein, Plaintiff alleges violations under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (RA), and "State-level abuse of office and municipal negligence." (*Id.* at 2-3).  Plaintiff, a disabled and legally blind citizen, "has been subjected to ongoing civil rights violations, abuse, retaliation, and denial of equal access to public services" by employees and officials of the City of Pharr, Texas, allegedly acting under color of state law. (*Id.* at 3).  Specifically, Plaintiff enumerates various documented acts: use of excessive force by Defendant Garza; neglect and manipulation of dispatch services by Hinojosa; suppression and denial of police records by Mirabelle Garza and Imelda Perez; interference with

---

[1] Petitioner's *pro se* petition is entitled to a more liberal construction than those drafted by practicing attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) ("It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a [filing]."). Thus, while Plaintiff's allegations materialize as a somewhat discombobulated plight, the Court reviews Plaintiff's filings in a more forgiving light.

due process and mail delivery by City Liaison Lugo; retaliatory obstruction of legal filings involving Palacios and Rodriguez; and refusal to investigate or prosecute a felony assault involving an inmate, "which was downgraded inappropriately and denied justice to Plaintiff[.]" (*Id.*).

Plaintiff claims that in 2016, Plaintiff was involved in an assault with a TDCJ inmate, during the time Ricardo Rodriguez Jr. was serving as District Attorney. (Dkt. No. 2 at 7). Plaintiff alleges this was a hate-based assault, aided by Samantha De La Rosa and her family, and that Rodriguez Jr. failed to prosecute the offense as a felony, "despite clear evidence of tampering with the crime scene and physical relocation of Plaintiff's body." (*Id.*). Then, Rodriguez Jr. transitioned to the role of City Attorney for the City of Pharr, Texas, while Plaintiff continued to seek access to case records "and justice." (*Id.*). Rodriguez Jr. failed to act, respond, or intervene to protect Plaintiff's civil rights. (*Id.*). This continued silence, Plaintiff states, in collaboration with City Liaison James Lugo and District Attorney ("DA") Toribio "Terry" Palacios, constitutes active retaliation, conflict of interest, and white-collar suppression of evidence. (*Id.*).

Plaintiff further alleges that DA Palacios "has wrongfully accessed, withheld, and blocked legal records without due process." (Dkt. No. 2 at 7). Plaintiff claims Palacios is a known relative and/or associate of Rodriguez Jr. and continued said actions after Plaintiff submitted lawful complaints and public records requests. (*Id.*). Thus, Plaintiff claims both Rodriguez Jr. and Palacios used their positions "to protect city liability and shield others from accountability." (*Id.*).

Ultimately, Plaintiff claims all eleven named defendants contributed to, enabled, or covered up systemic deprivation of Plaintiff's emergency protection, disability accommodations, access to police records and legal records, and access to justice as a documented disabled crime victim. (Dkt. No. 2 at 7). These failures have caused Plaintiff emotional distress and trauma, financial hardship, continued disability-related harm, delays in civil and criminal accountability, and

violation of constitutional rights under the 1st, 4th, and 14th amendments. (*Id.*). Accordingly, Plaintiff seeks compensatory and punitive damages totaling $211,000,000.00, permanent injunctive relief barring retaliation, appointment of counsel under 28 U.S.C. § 1915(e), disqualification of Toribio Palacios from accessing Plaintiff's records, disqualification of Ricardo Rodriguez Jr. from serving as City Attorney, preservation of evidence across all named departments, and all other relief the Court deems just and proper. (*Id.* at 7-8).

## B.    Attachments

### 1.    Addendum as to Mirabelle Garza and Imelda Perez

Both within the Original Complaint and as a separate filing, Plaintiff attaches an addendum regarding Mirabelle Garza and Imelda Perez on July 21, 2025.[2] (*See* Dkt. Nos. 2, 9). Plaintiff alleges that between April 26, 2025, and June 3, 2025, Mirabelle Garza "denied Plaintiff access to public records including copies of police reports, phone call logs, and supporting documentation." (Dkt. No. 2-3 at 16; Dkt. No. 9 at 16). In doing so, Plaintiff suggests Mirabelle Garza refused to acknowledge existing case files, and subsequently withheld documentation critical to an ongoing federal complaint. (Dkt. No. 2-3 at 16; Dkt. No. 9 at 16). Mirabelle Garza responded by "claiming they would likely not receive any documents, even before processing the request." (Dkt. No. 2-3 at 16; Dkt. No. 9 at 16). This, Plaintiff argues, constitutes obstruction, retaliation, and discrimination, because Plaintiff is a disabled and Latino resident. (Dkt. No. 2-3 at 16; Dkt. No. 9 at 16). Plaintiff claims this violates the ADA, the equal protection clauses, and Texas Public Information Act. (Dkt. No. 2-3 at 16; Dkt. No. 9 at 16).

---

[2] While Plaintiff attaches addendums regarding Mirabelle Garza and Imelda Perez in separate filings, they appear to be duplicative in nature. (*See* Dkt. Nos. 2, 9).

Plaintiff claims Imelda Perez used her official city email to refer to Plaintiff as "Disabled David Reyes," which constitutes an act of cyberbullying and discrimination. (Dkt. No. 2-3 at 16; Dkt. No. 9 at 16). Plaintiff suggests this comment was made in response to an active public records request and "constituted unprofessional conduct, violation of the ADA, and intentional infliction of emotional distress." (Dkt. No. 2-3 at 16; Dkt. No. 9 at 16). Further, Plaintiff contends these remarks demonstrate the "hostile and retaliatory environment maintained by the City of Pharr against disabled residents." (Dkt. No. 2-3 at 16; Dkt. No. 9 at 16).

### 2.    Addendum as to Jose Andrade

Plaintiff filed an addendum regarding Defendant Jose Andrade on July 21, 2025. (*See* Dkt. No. 6). Plaintiff claims he "has suffered over a decade of documented mistreatment, abuse, and discrimination at the hands of Trooper Jose Andrade." (*Id.* at 2). These acts include excessive force, including beating Plaintiff with a baton, racial profiling and disability-based harassment, false arrest and involuntary hospitalization of Plaintiff, lying on official reports, withholding exculpatory information, abusing his authority and ignoring civil protections, and failing to follow due process on multiple incidents. (*Id.*).

### 3.    Addendum as to City of Pharr, Texas

Plaintiff filed an addendum with regard to the City of Pharr, Texas on July 21, 2025. (*See* Dkt. No. 7). Plaintiff claims he has been "systematically targeted, neglected, and retaliated against by multiple defendants and representatives of the City of Pharr, Texas." (*Id.* at 2). Specifically, Plaintiff has experienced neglect of more than twenty (20) criminal complaints filed between 2020 and 2025, downgrading of felony offenses and refusal to act on active warrants, excessive force resulting in permanent vision damage, involuntary hospitalization by unqualified officers, denial of access to public records in violation of the Texas Public Information Act, cyberbullying by

5

referring to Plaintiff as "Disabled David Reyes" by city email, and repeated acts of retaliation and public humiliation for asserting his disability rights. (*Id.*).

### 4.    Addendum as to Juan Manuel Garza

Plaintiff filed an addendum with regard to Juan Manuel Garza on July 21, 2025. (*See* Dkt. No. 8). Therein, Plaintiff alleges Juan Manuel Garza failed to investigate over twenty (20) separate criminal complaints filed by Plaintiff since 2020, failed to act on valid warrants or protect Plaintiff's rights as a disabled crime victim, failed to uphold his duties as a senior investigator and supervisor in preventing misconduct, downgrading felonies, and obstructing due process. (*Id.* at 2). This has caused Plaintiff worsening of his medical condition and vision, emotional distress, trauma, fear for safety, denial of access to justice under federal protections, and public humiliation. (*Id.*).

### 5.    Attached Exhibits

Along with the addendums, Plaintiff attaches various exhibits both within his Original Complaint as well as in separate filings. Plaintiff provides the Court with a series of police reports[3] from the Pharr Police Department, including accounts of indecent assault, aggravated assault, harassment, theft/larceny, possession of marijuana, prohibited sexual conduct, and disorderly conduct.[4] (*See generally* Dkt. No. 2-2 at 33-178; Dkt. No. 13 at 1-172). Plaintiff also filed a document labeled Exhibit G, which appears to be a screenshot of an internet article discussing

---

[3] All of these reports reference some iteration of Plaintiff's name (i.e. David Reyes, David Abisai Reyes). (*See generally* Dkt. No. 2). The Court interprets these to be one and the same as Plaintiff, David Abisai Reyes-Medrano.

[4] While Plaintiff files these exhibits in separate filings, both filings, with the exception of some reports, are largely duplicative. (*Compare* Dkt. No. 2, *with* Dkt. No. 13).

Ricardo Rodriguez Jr. being appointed to the position of Deputy City Attorney and Prosecutor, as well as an image titled "Texas Syndicate" with the description "Long-time supporters of Terry Palacios." (Dkt. No. 2-2 at 176, 178). On August 18, 2025, Plaintiff filed a demand letter with the Court, demanding payment in the sum of $325,000,000.00 representing compensatory and punitive damages. (*See* Dkt. No. 21). Additionally, Plaintiff filed a collection of phone records, the purpose of which appears to be seeking various case numbers, meetings, and charges filed, images of injuries and scars on Plaintiff's head, arm, and knee, screenshots correspondence through the City of Pharr records portal, as well as a record of Plaintiff's many public information requests.[5]

### C.  Plaintiff's Amended Complaint

Plaintiff filed his amended complaint, titled "Updated Civil Rights Complaint" on August 18, 2025.[6] (*See* Dkt. No. 20). There, Plaintiff adds Detective Juan Alvarez, Officer Flores, and Officer Daniel Rodriguez as defendants and no longer lists Imelda Perez, Sergeant Israel De La Rosa as defendants. (*Id.* at 1). Here, Plaintiff maintains his allegations under 42 U.S.C. § 1983, the ADA, Section 504 of the RA, and adds a claim under the *Bivens* doctrine. (*Id.*). Specifically, Plaintiff "alleges that these parties, through coordinated or compounding misconduct, violated his rights as a legally blind and disabled citizen." (*Id.*). Said violations include excessive force, failure

---

[5] These exhibits were filed with the District Clerk's office, and the Court has reviewed them in conjunction with the rest of Plaintiff's filings and attached exhibits. (*See* Dkt. Entry, Dated August 8, 2025).

[6] Plaintiff's First Amended Complaint is the current live pleading and does not incorporate by reference any of the prior filings. (Dkt. No. 20); *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). As such, the Original Complaint (Dkt. No. 2) and subsequently filed attachments (Dkt. Nos. 6, 7, 8, 9, 13) are of no legal effect. However, in an abundance of caution, and affording Plaintiff the benefit of liberal construction, the Court has reviewed the legitimacy of all pleadings filed by Plaintiff. *See Haines*, 404 U.S. at 520; *see also Hernandez*, 630 F.3d at 426-27.

7

to investigate, denial of access to public services discrimination, retaliation, and deliberate indifference. (*Id.* at 1-2).

### D.    Hearing

The Court held a status conference on September 26, 2025, for the purpose of discussing the status of the case and allowing Plaintiff time to amend his complaint. (*See* Dkt. Entry, Dated September 26, 2025). Plaintiff was given a deadline of October 27, 2025, to file said amended complaint. (*See* Dkt. No. 30). Plaintiff never filed an amended complaint as ordered. On December 5, 2025, the Court held a second status conference, providing Plaintiff with a final extension to file the amended complaint by December 12, 2025. (*See* Dkt. Entry, Dated December 5, 2025). However, Plaintiff, again, failed to submit an amended complaint. Thus, review is based on the current filings.

## II.    APPLICABLE LAW/ANALYSIS

### A.    Legal Standard

#### 1.    28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915A(b)(1), the Court must screen any complaint proceeding in forma pauperis seeking relief against "a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted." *Pacheco-Morales v. Belt*, SA-23-CV-00417-JKP, 2023 WL 9105552, at *3 (W.D. Tex. Aug. 3, 2023); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case filed IFP where it is determined the action is frivolous, malicious, or fails to state a claim on which relief may be granted.).

An action is considered frivolous where "there is no arguable legal or factual basis for the claim." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint lacks an arguable

8

basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).  An action may be considered factually frivolous "where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (citing *Neitzke*, 490 U.S. at 327-28).

Analysis of claims under § 1915A(b)(1) and § 1915(e)(2)(B) directs the court to apply the standards governing dismissal under Rule 12(b)(6).  *Pacheco-Morales*, 2023 WL 9105552, at *3 (citing *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011)); *see also* Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  "Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law[,]'" and also "if the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Neitzke*, 490 U.S. at 326; *Iqbal*, 556 U.S. at 678).  This plausibility standard does not require detailed factual allegations.  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  However, a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original).  A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense[,]" to reasonably infer that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), 679.  "But where the well-

9

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2) (alteration in original)).

### 2.    42 U.S.C. § 1983

Section 1983 creates a private right of action for the deprivation of certain rights. 42 U.S.C. § 1983. To state a cause of action under § 1983, Plaintiff must (1) allege the Defendants violated "a right secured by the Constitution and laws of the United States" and (2) show "a person acting under color of state law" committed the violation. *Perdomo v. City of League City*, 765 F.Supp.3d 613, 620 (S.D. Tex. 2025) (citing *Petersen v. Johnson*, 57 F.4th 225, 231 (5th Cir. 2023)).

However, in the context of § 1915A(b)(1) and § 1915(e)(2)(B), and, thus, Rule 12(b)(6), the Court must determine whether the facts, taken as true, would overcome the defense of qualified immunity. *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). Qualified immunity "shields officers from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021)). Thus, to overcome qualified immunity, Plaintiff must show (1) whether the facts alleged, taken as true, show a constitutional violation; and (2) whether the right was clearly established in light of existing precedent. *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015).

For a law to be clearly established, Plaintiff "must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Perdomo*, 765 F.Supp.3d at 620 (quoting *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013)). Simply put, qualified immunity protects "all but

the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *City of Tahlequah*, 595 U.S. at 12).

### 3.    *Monell* Municipal Liability

First, a municipality may not be held liable under 42 U.S.C. § 1983 under a theory of *respondeat superior*. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Rather, municipalities may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official capacity, inflicts the injury…" *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). For Plaintiff to prove the municipality should be liable, he must show: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy (or custom). *Id.* (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Such an official policy may be "(1) a policy statement, ordinance, or regulation, or (2) 'a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Holley v. Blomberg*, 142 F.Supp.3d 517, 523 (S.D. Tex. 2015) (citing *Piotrowski*, 237 F.3d at 579). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

### 4.    Title II of the Americans with Disabilities Act

To make out a valid claim under Title II of the ADA, Plaintiff must show (1) he is a qualified individual with a disability within the meaning of the ADA; (2) he was excluded from

participation or denied meaningful access to services, programs, and activities, or that he was otherwise discriminated against by Defendants; and (3) such exclusion, denial of benefits, or discrimination is by reason of his disability. *Lathan v. Stevens*, No. 2:16-cv-147, 2017 WL 7037704, at *3 (S.D. Tex. Oct. 20, 2017) (citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997)), *report and recommendation adopted*, 2018 WL 497125 (S.D. Tex. Jan. 19, 2018).

For a failure-to-accommodate claim specifically, Plaintiff must show "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *K.R. ex rel. Shannon v. Cedar Hill Indep. Sch. Dist.*, No. 3:25-cv-489-BN, 2025 WL 3265486, at *5 (N.D. Tex. Nov. 22, 2025) (citing *Smith v. Harris County*, 956 F.3d 311, 317 (5th Cir. 2020)).

To show that the denial of services was "'by reason of' Plaintiff's disability, Plaintiff must show that the denial was intentional." *E.M. ex rel. Guerra v. San Benito Consol. Indep. Sch. Dist.*, 374 F.Supp.3d 616, 624 (S.D. Tex. 2019) (citing *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002)). While the Fifth Circuit has not yet defined the intentionality requirement, the cases that have touched on the issue have required something more than deliberate indifference. *J.W. v. Paley*, 81 F.4th 440, 449-50 (5th Cir. 2023) (citing *Cadena v. El Paso County*, 946 F.3d 717, 724 (5th Cir. 2020)). For a failure-to-accommodate claim, "intentional discrimination requires at least actual knowledge that an accommodation is necessary." *Paley*, 81 F.4th at 450 (citing *Smith*, 956 F.3d at 319). A plaintiff may "ordinarily satisfy the knowledge element by showing that they identified their disabilities as well as the resulting limitations to a public entity or its employees and requested an accommodation in direct and specific terms." *K.R. ex rel. Shannon*, 2025 WL 3265486, at *5 (citing *Smith*, 956 F.3d at 317) (cleaned up). And, if Plaintiff "fail[ed] to request

12

an accommodation in this manner, he can prevail only by showing that the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent to the entity's relevant agents." *Id.* (cleaned up).

### 5.    Section 504 of the Rehabilitation Act

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …[.]

29 U.S.C. § 794(a).

Analysis under Section 504 of the Rehabilitation Act follows that of Title II of the ADA above. "The RA is operationally identical to the ADA in that both statutes prohibit discrimination against disabled persons; however, the ADA applies only to public entities while the RA applies to any federally funded programs or activities, whether public or private." *Lathan*, 2017 WL 7037704, at *3 (citing *Borum v. Swisher County*, No. 2:14-CV-127-J, 2015 WL 327508, at *3 (N.D. Tex. Jan. 26, 2015)). As such, "[c]ourts utilize the same standards in analyzing claims under both the ADA and RA." *Id.* (citing *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011)).

The main difference between Title II of the ADA and Section 504 of the RA is the causation requirement. "Section 504 requires that the plaintiff's disability be the 'sole reason' for the exclusion or denial of benefits, but the ADA's standard is less stringent." *Paley*, 81 F.4th at 449 (citing *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)).

### 6.    State Law Claims

Plaintiff alleges a surface-level, scattershot collection of state law violations, "involving obstruction, retaliation, and abuse of authority." (Dkt. No. 2 at 10). Similarly, throughout his

13

filings, Plaintiff appears to refer to various state law violations. (*See* Dkt. No. 2 at 4 ("State-level abuse of office and municipal negligence"); Dkt. No. 2-3 at 10 (Intentional infliction of emotional distress); Dkt. No. 2-3 at 16 (Texas Public Information Act)).

When a federal court has original jurisdiction over a claim, the district court may also extend supplemental jurisdiction over state law claims that are so related such that "they form part of the same case or controversy." *Shields Doe v. Port Arthur Indep. Sch. Dist.*, No. 1:24-CV-171, 2025 WL 2625566, at \*11 (E.D. Tex. Sept. 10, 2025) (citing 28 U.S.C. § 1367). However, the district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. *Id.* (citing 28 U.S.C. § 1367(c)(3)). "So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Id.* (quoting *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025)). As such, "the general rule [is] that 'a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Id.* (quoting *Heggemeier v. Caldwell County*, 826 F.3d 861, 872-73 (5th Cir. 2016)) (alteration in original).

Accordingly, because this Court concludes that all of Plaintiff's federal claims should be dismissed, the District Court should decline to exercise supplemental jurisdiction over the state law claims, regardless of whether Plaintiff has stated a valid claim for relief. *See Shields Doe*, 2025 WL 2625566, at \*11 (declining supplemental jurisdiction on state law claims where the court dismissed § 1983 and ADA claims under Rule 12(b)(6)).

**B.    Plaintiff's Claims**

1.    Juan Manuel Garza

In the Original Complaint, Plaintiff alleges excessive force by Juan Manuel Garza. (Dkt. No. 2 at 3). However, Plaintiff identifies much more in the Addendum. There, Plaintiff claims he has been "subjected to prolonged and repeated denial of justice, protection, and dignity by the Defendant and the Pharr Police Department under his direction." (Dkt. No. 8 at 1-2). Specifically, Defendant Juan Manuel Garza failed to investigate over twenty separate criminal complaints filed by Plaintiff since 2020, failed to act on valid warrants to protect Plaintiff's rights as a disabled crime victim, and failed to uphold his duties as a senior investigator and supervisor in preventing misconduct, downgrading felonies, and obstructing due process. (*Id.* at 2). This, Plaintiff claims, constitutes gross negligence, intentional disregard, and institutional retaliation. (*Id.*).

The Fifth Circuit has found that "the use of excessive force to apprehend a subject implicates the Fourth Amendment's guarantee against unreasonable seizures." *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997). To make out a claim of excessive force, Plaintiff must show: "(1) [an] injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Walcotte v. Wicks*, No. C-08-323, 2009 WL 1373601, at *3 (S.D. Tex. May 15, 2009) (citing *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007)). In considering whether an officer used excessive force, the court should pay "careful attention to the facts and circumstances of each particular case[.]" *Graham v. Connor*, 490 U.S. 386, 396 (1989). Factors to be considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). Further, the reasonableness of the force "must be judged from

15

the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)).

While Plaintiff appears to allege excessive force as one of the claims against Defendant Juan Manuel Garza, Plaintiff provides no accompanying facts in support thereof. (*See* Dkt. No. 2 at 3). That Plaintiff utilized the term "excessive force," without more, is insufficient to state a claim. *See Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 469 (5th Cir. 2016) ("We take the well-pleaded factual allegations in the complaint as true, but we do not credit conclusory allegations or allegations that merely restate the legal elements of a claim."). Moreover, Plaintiff filed images dated May 19, 2023, of injuries to his head, arm, and knee with the Clerk's office.[7] Even if Plaintiff's pleadings were accompanied by sufficient factual support to enforce his claim for excessive force, which they are not, this claim would fall outside of the statute of limitations for a § 1983 claim in Texas.[8] *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (noting the applicable statute of limitations for a § 1983 claim in Texas is two years).

Similarly, while Plaintiff claims that Defendant Juan Manuel Garza failed to investigate many criminal complaints and act on valid warrants over a span of several years, such a claim is not cognizable under § 1983 because there is no constitutional right to have another person investigated or criminally prosecuted. *See Morrison v. Dall. Cnty. Sex Trafficking Task Force*, No. 3:23-CV-2046-N-BH, 2023 WL 9231399, at *5 (N.D. Tex. Dec. 6, 2023) ("Any claims for criminal investigation and prosecution should be dismissed for failure to state a claim."), *report and*

---

[7] This attachment includes ten (10) images depicting injuries to the head, hands, arm, and knee of Plaintiff, dated May 19, 2023. These images are stored on a disk titled "PX-5." (*See* Dkt. No. 17 at 2).

[8] Plaintiff filed his Original Complaint on July 21, 2025. (*See* Dkt. No. 2). However, Plaintiff filed his original request to proceed *in forma pauperis* as of June 24, 2025, and the request was granted on July 21, 2025. (*See Application to Proceed In Forma Pauperis*, Case No. 7:25-mc-00135; *see also* Dkt. No. 1). In any event, a § 1983 claim with an offense date of May 19, 2023, would fall just outside of the two-year limitations period and be time-barred under either filing date.

*recommendation adopted*, 2024 WL 150506 (N.D. Tex. Jan. 12, 2024); *Lefebure v. D'Aquilla*, 15 F.4th 650, 657 (5th Cir. 2021) ("[V]ictims of crime do not have a cognizable interest in the investigation or prosecution of others.").

Finally, Plaintiff's remaining claims that Defendant Juan Manuel Garza failed to "[u]phold his duties as a senior investigator and supervisor in preventing misconduct, downgrading felonies, and obstructing due process[,]" and, more broadly speaking, that he "subjected [Plaintiff] to prolonged and repeated denial of justice, protection, and dignity[]" are completely devoid of factual support and should be dismissed for failure to state a claim. (Dkt. No. 8 at 2); *see Iqbal*, 556 U.S. at 678 (noting that the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Chhim*, 836 F.3d at 469.

Claims brought against Defendant Juan Manuel Garza under § 1983 should be dismissed for failure to state a claim, and, insofar as Plaintiff intended to bring claims under Title II of the ADA or Section 504 of the RA against Defendant Juan Manuel Garza, such claims must be dismissed because those provisions do not provide for individual liability. *See Keith v. Tex. Tech Med. Ctr.*, 2:24-CV-00010-Z-BR, 2024 WL 5112762, at *5 (N.D. Tex. Nov. 22, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 5113192 (N.D. Tex. Dec. 13, 2024).

Accordingly, claims against Juan Manuel Garza should be dismissed.

### 2. Jose Andrade

Plaintiff alleges that he "has suffered over a decade of documented mistreatment, abuse, and discrimination at the hands of Trooper Jose Andrade." (Dkt. No. 6 at 1-2). Plaintiff claims that, between 2011 and 2025, Defendant Andrade used excessive force, including beating Plaintiff with a baton, engaged in racial profiling and disability based harassment, falsely arrested and involuntarily hospitalized Plaintiff without just cause, lied on official reports, withheld exculpatory

information, consistently abused his authority, and ignored civil protections and failed to follow due process in multiple case incidents. (*Id.* at 2).

Plaintiff's frustration with "over a decade of documented mistreatment, abuse, and discrimination[,]" is too vague and conclusory to survive dismissal. (Dkt. No. 6 at 1-2); *see Griffin v. CPS/OCR Office*, No. 5:20-CV-219-H-BQ, 2021 WL 1520010, at *3 (N.D. Tex. Feb. 18, 2021) ("[Plaintiff's] claims, liberally construed, are nonetheless vague and non-specific accusations of wrongdoing and fail to support an actionable § 1983 claim.") (citations omitted), *report and recommendation adopted*, 2021 WL 1516387 (N.D. Tex. Apr. 16, 2021). Plaintiff's supposed excessive force allegation against Defendant Jose Andrade suffers from the same insufficiency as the claims against Defendant Juan Manel Garza. (*See supra* Section II(B)(1)). Similarly, Plaintiff's assortment of accusations, including racial profiling, false arrest, involuntary hospitalization, lying on official reports, withholding exculpatory evidence, and abuse of authority, are presented with no factual support or specificity. This is insufficient to survive dismissal. *See Griffin*, 2021 WL 1520010, at *3; *Chhim*, 836 F.3d at 469; *Ashcroft*, 556 U.S. at 678. And, as with Defendant Juan Manuel Garza, if Plaintiff sought to bring claims against Defendant Jose Andrade under the ADA or RA, such claims are not cognizable and should be dismissed. *See Keith*, 2024 WL 5112762, at *5.

Accordingly, claims against Defendant Jose Andrade should be dismissed.

### 3.    Laura Renteria

Plaintiff lists Defendant Laura Renteria as "Internal Affairs, Pharr PD" in the Original Complaint (*see* Dkt. No. 2 at 2) and retains her as a defendant in the Amended Complaint (*see* Dkt. No. 20 at 1). Plaintiff generally claims "[a]ll 11 named Defendants either contributed to, enabled, or covered up the systemic deprivation of Plaintiff's" emergency protection, disability

18

accommodations, access to police and legal records, and access to justice as a documented disabled crime victim. (Dkt. No. 2 at 7). However, the record is barren of factual support with regard to Defendant Renteria. Indeed, it appears Defendant Renteria is not specifically mentioned anywhere else in the filings. And, listing a person as a defendant without any factual allegations against them is insufficient to state a claim. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation."); *Nicolais v. Cheramie*, No. 23-7094, 2024 WL 4113752, at *2 (E.D. La. Aug. 12, 2024) (collecting cases finding that simply listing a defendant in the complaint with no accompanying factual allegations does not satisfy the pleading standards and fails to state a claim), *report and recommendation adopted*, 2024 WL 4107704 (E.D La. Sept. 6, 2024); *Raphiel v. Booth*, No. 24-1348, 2025 WL 2046538, at *2 (W.D. La. July 21, 2025) (dismissing claims after reviewing the complaint and accompanying attachments and determining "[n]one of these materials contain any factual allegations which would explain the Defendants' conduct that Plaintiff believes give rise to his claims.").

Accordingly, the claims against Laura Renteria should be dismissed.

### 4.    Selena Hinojosa

In the Original Complaint, Plaintiff claims "[n]eglect and manipulation of dispatch services by Hinojosa." (Dkt. No. 2 at 3). Similar to Defendant Renteria, Plaintiff identifies Defendant Hinojosa as a dispatcher with Pharr PD. (*Id.* at 2). Defendant Hinojosa is retained as a Defendant in the Amended Complaint. (*See* Dkt. No. 20). However, Plaintiff fails to elaborate on her role in the alleged offense, nor does Plaintiff make any factual assertions with regard to Defendant Hinojosa throughout Plaintiff's various filings. This is insufficient to state a claim. *See Oliver*, 276 F.3d at 741; *Nicolais*, 2024 WL 4113752, at *2; *Raphiel*, 2025 WL 2046538, at *2.

19

Accordingly, any claims against Selena Hinojosa should be dismissed.

     5.     <u>James Lugo</u>

In the Original Complaint, Plaintiff alleges "[i]nterference with due process and mail delivery by City Liaison Lugo." (Dkt. No. 2 at 3). Plaintiff claims the collaboration with Ricardo Rodriguez Jr. constitutes "active retaliation, conflict of interest, and white-collar suppression of evidence." (*Id.* at 7).

Here, Plaintiff fails to include any facts that support his assertion that Defendant James Lugo interfered with due process and mail delivery. Similarly, while Plaintiff takes issue with Defendant James Lugo's "collaboration," Plaintiff does not explain, at all, what said collaboration entailed, when it happened, or how Plaintiff's constitutional rights have been violated, and simply regurgitating commonly used legal terms like "active retaliation, conflict of interest, and white-collar suppression of evidence[,]" does not set a foundation to bring a claim under § 1983. *See Griffin*, 2021 WL 1520010, at *3; *Chhim*, 836 F.3d at 469; *Ashcroft*, 556 U.S. at 678.

Moreover, insofar as Plaintiff takes issue with Defendant James Lugo's alleged role in the failure to prosecute or investigate, as noted, Plaintiff has no constitutional right to such and therefore fails to state a claim. *See Morrison*, 2023 WL 9231399, at *5; *Lefebure*, 15 F.4th at 657. And any claim against Defendant Lugo, individually, under Title II of the ADA or Section 504 of the RA should be dismissed. *See Keith*, 2024 WL 5112762, at *5.

Accordingly, claims against Defendant James Lugo should be dismissed.

6.     Mirabelle Garza

In the Original Complaint, Plaintiff claims suppression and denial of police records by Mirabelle Garza. (Dkt. No. 2 at 3).  Defendant Mirabelle Garza "mocked, stalled, and retaliated against Plaintiff after he identified himself as disabled, and Plaintiff alleges that from April 26, 2025, to June 3, 2025, Defendant Mirabelle Garza actively denied public service access, obstructed record requests, and retaliated against Plaintiff, "a known legally blind, disabled resident." (Dkt. No. 2-3 at 10).  Plaintiff says he submitted multiple public information requests, but Defendant Mirabelle Garza refused to provide case numbers, ignored calls, and withheld records essential to Plaintiff's pursuit of justice in a prior felony assault complaint.  (*Id.*).  This apparently caused the case to be classified as a Class C misdemeanor in civil court.  (*Id.*).  Further, Plaintiff claims Mirabelle Garza "implied that Plaintiff 'would likely not receive anything,' even before reading the request in full." (*Id.* at 12).  This, Plaintiff argues, is consistent with disability-based and racial discrimination, as demonstrated by her tone, dismissive language, and persistent stonewalling. (*Id.* at 13).

At the outset, it appears Plaintiff's issues with Defendant Mirabelle Garza are based on Title II of the ADA and Section 504 of the Rehabilitation Act.  However, as mentioned, such claims are not available against an individual.  *See Keith*, 2024 WL 5112762, at *5.  The actions of Defendant Mirabelle Garza are therefore analyzed with the claims against the City of Pharr.  (*See infra* Section II(B)(10)).

Similarly, insofar as Plaintiff complains that he was unable to obtain records as the result of a public information request, this claim is not cognizable under § 1983 because Plaintiff alleges no constitutional violation.  *See Plustache v. Harrison*, No. 22-30110, 2023 WL 3197043, at *2 (5th Cir. May 2, 2023) ("[T]here is no generalized constitutional or federal right to access

21

documents under the control of state agencies or their political subdivisions."); *Trevino-Garcia v. Univ. of Tex. Health Sci. Ctr.—Sch. of Med.*, No. SA-09-CA-0572-XR, 2009 WL 5195962, at \*5 (W.D. Tex. Dec. 21, 2009) ("The Court will not usurp the Attorney General's role in addressing complaints under the [Texas Public Information] Act[.]"); *Hundall v. Univ. of Tex. at El Paso*, EP-13-CV-00365-DCG, 2014 WL 12496895, at \*4 (W.D. Tex. Feb. 21, 2014); *St Clair v. City of Plano*, No. 3:06-cv-1485-R, 2007 WL 1297168, at \*2 n.1 (N.D. Tex. May 3, 2007) ("Even if the Court construed the Complaint as seeking relief under the Texas Public Information Act, such violation would not give rise to federal question jurisdiction.").

Accordingly, claims against Defendant Mirabelle Garza should be dismissed.

### 7. Israel De La Rosa

Plaintiff lists Israel De La Rosa in the Original Complaint as a Defendant titled "Patrol Division, Pharr PD." (Dkt. No. 2 at 2). However, Defendant De La Rosa is no longer listed as a Defendant in the Amended Complaint. (*See* Dkt. No. 20). In the event that this omission is in error, and affording Plaintiff the benefit of liberal construction, the Court has reviewed all of Plaintiff's filings to identify a claim against Defendant De La Rosa. Nevertheless, the Court is unable to discover any factual assertions or allegations against Defendant De La Rosa. Thus, Plaintiff fails to state a claim against Defendant De La Rosa. *See Oliver*, 276 F.3d at 741; *Nicolais*, 2024 WL 4113752, at \*2; *Raphiel*, 2025 WL 2046538, at \*2.

Accordingly, the claims against Israel De La Rosa should be dismissed.

### 8. Toribio Palacios

In the Original Complaint, Plaintiff alleges retaliatory obstruction of legal filings involving Palacios. (Dkt. No. 2 at 3). Plaintiff further claims Defendant Palacios collaborated with Ricardo Rodriguez Jr., constituting "active retaliation, conflict of interest, and white-collar suppression of

evidence." (*Id.* at 7). Plaintiff also alleges Defendant Palacios has wrongfully accessed, withheld, and blocked legal records without due process. (*Id.*). Plaintiff claims Defendant Palacios is a known relative or associate of Ricardo Rodriguez Jr., and continued these actions after Plaintiff submitted lawful complaints and public records requests. (*Id.*). Plaintiff argues Defendant Palacios used his position to protect city liability and shield others from accountability. (*Id.*).

Plaintiff's claim against Defendant Palacios is factually insufficient. Plaintiff does not describe what the alleged collaboration with Defendant Ricardo Rodriguez Jr. entailed, nor how it amounted to a constitutional violation of any sort. As mentioned, use of legal terms like "active retaliation, conflict of interest, and white-collar suppression of evidence[,]" standing alone, will not pass muster under § 1983. *See Griffin*, 2021 WL 1520010, at *3; *Chhim*, 836 F.3d at 469; *Ashcroft*, 556 U.S. at 678.

Similarly, any allegation that Defendant Palacios inhibited Plaintiff's public records requests is not cognizable under § 1983. *See Plustache*, 2023 WL 3197043, at *2; *Trevino-Garcia*, 2009 WL 5195962, at *5; *Hundall*, 2014 WL 12496895, at *4; *St Clair*, 2007 WL 1297168, at *2 n.1.

Accordingly, claims against Defendant Toribio Palacios should be dismissed.

9.    Imelda Perez

In the Original Complaint, Plaintiff claims suppression and denial of police records by Imelda Perez. (Dkt. No. 2 at 3). Plaintiff claims Defendant Imelda Perez "used her official city email to refer to the Plaintiff by the derogatory label 'Disabled David Reyes,' an act of cyberbullying and discrimination."[9] (Dkt. No. 2-3 at 16). Plaintiff claims this comment was made

---

[9] Plaintiff submitted a screenshot of the referenced email comment with the Clerk's Office, along with various other exhibits and attachments.

23

in relation to an active public records request and constitutes unprofessional conduct, a violation of the ADA, and intentional infliction of emotional distress. (*Id.*). Further, Plaintiff claims that these acts demonstrate the hostile and retaliatory environment maintained by the City of Pharr against disabled residents. (*Id.*).

It appears that Plaintiff's grievances with Defendant Imelda Perez revolve around Title II of the ADA and Section 504 of the Rehabilitation Act. However, as noted, such claims are not actionable against an individual defendant. *See Keith*, 2024 WL 5112762, at *5. The actions of Defendant Imelda Perez are therefore analyzed with the claims against the City of Pharr. (*See infra* Section II(B)(10)).

Similarly, insofar as Plaintiff takes issue with Defendant Imelda Perez with regard to an active information request, such claims are not cognizable under § 1983 because Plaintiff has alleged no constitutional violation. *See Plustache*, 2023 WL 3197043, at *2; *Trevino-Garcia*, 2009 WL 5195962, at *5; *Hundall*, 2014 WL 12496895, at *4; *St Clair*, 2007 WL 1297168, at *2 n.1.

Accordingly, claims against Defendant Imelda Perez should be dismissed.

### 10.   City of Pharr

Plaintiff alleges he has been "systematically targeted, neglected, and retaliated against by multiple departments and representatives of the City of Pharr, Texas." (Dkt. No. 7 at 2). Specifically, Plaintiff claims neglect of more than twenty (20) criminal complaints filed between 2020 and 2025, downgrading of felony offenses and refusal to act on active warrants, use of excessive force, resulting in permanent vision damage, involuntary hospitalization by unqualified officers, denial of access to public records, in violation of the Texas Public Information Act, cyberbullying via city email by referring to Plaintiff as "Disabled David Reyes," and repeated acts of retaliation and public humiliation for asserting his disability rights. (*Id.*). Further, Plaintiff

24

claims the City of Pharr is responsible for the acts of Juan Manuel Garza (criminal negligence, failure to investigate, suppression of felony offenses), Laura Renteria (Internal Affairs cover-up, refusal to respond to complaints or provide updates), Mirabelle Garza (denial of records, threats of unlawful fees, retaliation based on disability), Imelda Perez (use of official email to mock and bully Plaintiff publicly), Jose Andrade (excessive force, unlawful detention, mental health abuse), and the Pharr Records & Patrol Departments (coordinated retaliation, refusal to provide service, and defamation).  (*Id.*).

At the outset, Plaintiff fails to identify a custom or policy that could trigger liability under *Monell* against the City of Pharr, nor does he make any attempt to do so.  In fact, Plaintiff's complaints as to the City of Pharr appear to exclusively encompass the individual alleged acts of the City's employees, and Plaintiff may not hold the City of Pharr vicariously liable based on the theory of respondeat superior under *Monell*.  *See Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018) ("A municipality cannot be held liable under § 1983 on a theory of respondeat superior."); *Monell*, 436 U.S. at 691.  Thus, Plaintiff fails to state a claim under *Monell*.

On the other hand, Title II of the ADA and Section 504 of the Rehabilitation Act do provide for vicarious liability.  *See Paley*, 81 F.4th at 449 ("[A] plaintiff need not identify an official policy to sustain a claim against a public entity as it may be held vicariously liable for the acts of its employees under either [the ADA or RA].").  Thus, Plaintiff could plausibly hold the City of Pharr liable under these provisions for the acts of the City's employees.  Nevertheless, Plaintiff fails to state a claim under either provision.

Plaintiff first claims Defendant Mirabelle Garza mocked, stalled, and retaliated against Plaintiff after he identified himself as disabled, and that from April 26, 2025, to June 3, 2025, Defendant Mirabelle Garza actively denied public service access, obstructed record requests, and

25

retaliated against Plaintiff, "a known legally blind, disabled resident." (Dkt. No. 2-3 at 10). Plaintiff says he submitted multiple public information requests, but Defendant Mirabelle Garza refused to provide case numbers, ignored calls, and withheld records which apparently caused the case to be improperly classified in civil court. (*Id.*). Further, Plaintiff claims Mirabelle Garza "implied that Plaintiff 'would likely not receive anything,' even before reading the request in full." (*Id.*).

Next, Plaintiff alleges Defendant Imelda Perez "used her official city email to refer to the Plaintiff by the derogatory label 'Disabled David Reyes,' an act of cyberbullying and discrimination." (Dkt. No. 2-3 at 16). Plaintiff claims this comment was made in relation to an active public records request and constitutes unprofessional conduct, a violation of the ADA, and intentional infliction of emotional distress and, further, that these acts demonstrate the hostile and retaliatory environment maintained by the City of Pharr against disabled residents. (*Id.*).

Even liberally construed, Plaintiff fails to allege that he was "excluded from participation or denied meaningful access to services, programs, or activities," as Plaintiff repeatedly references only the various public records requests, which remain the purview of the Office of the Attorney General. *Lathan*, 2017 WL 7037704, at *3; *see Trevino-Garcia*, 2009 WL 5195962, at *5; *Hundall*, 2014 WL 12496895, at *4; *St Clair*, 2007 WL 1297168, at *2 n.1. In fact, within the exhibits and attachments Plaintiff filed are several images that indicate some information requests were granted and the invoices for said requests were subsequently provided, contradicting the position that Plaintiff was denied access to services.[10] Thus, Plaintiff's claims may fail on this ground alone.

---

[10] Plaintiff filed various exhibits with the District Clerk's Office. One such exhibit is an attachment titled PX-6, which contains countless screenshot images of public information requests, some of which indicate that no such information exists, and others that indicate the information exists and the invoice must be paid.

26

However, even if the Court found that Plaintiff was denied access to services, Plaintiff still fails to state a claim because he is unable to show that he was denied such access to services *because of his disability*. *See Delano-Pyle*, 302 F.3d at 574 ("A plaintiff asserting a private cause of action for violations of the ADA or the RA may only recover compensatory damages upon a showing of intentional discrimination."). Plaintiff makes no assertion that his disability was taken into consideration in any way during the processing of the public records requests, nor does it appear to be a contributing factor in any alleged denial of his public records requests. While Plaintiff understandably takes issue with the tone and dismissive nature of Defendants Mirabelle Garza and Imelda Perez, Plaintiff is unable to show that he was denied access to services *because of his disability*, and Plaintiff's allegations thus fail to rise to the level necessary to survive dismissal.

Accordingly, claims against the City of Pharr should be dismissed.

11.　Ricardo P. Rodguez Jr.

In the Original Complaint, Plaintiff alleges retaliatory obstruction of legal filings involving Rodriguez. (Dkt. No. 2 at 3). Specifically, Plaintiff claims that, while Defendant Rodriguez Jr. served as District Attorney, Defendant Rodriguez Jr. failed to prosecute a "hate-based assault" involving Plaintiff as a felony, despite clear evidence of tampering with the crime scene and physical relocation of Plaintiff's body. (*Id.* at 7).

---

Similarly, Plaintiff filed correspondence with the Office of the Attorney General indicating the same. (*See* Dkt. No. 17-4 at 1-4, 13). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Thus, Plaintiff's separately filed attachments were reviewed solely for the purpose of affording Plaintiff the benefit of liberal construction.

27

Prosecutors are shielded by absolute immunity. As the Fifth Circuit has emphasized:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as "advocate for the state" in the courts, or when her conduct is "intimately associated with the judicial phase of the criminal process. …
> … Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly, or negligently.

*Nicolais*, 2024 WL 4113752, at *3. Simply stated, "[a]bsolute prosecutorial immunity is therefore sweepingly broad." *Id.* Thus, if Plaintiff challenges actions "'intimately associated with the judicial phase of the criminal process,' his claims must fail because the prosecutor's actions are ones to which 'absolute immunity app[lies] with full force.'" *Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Here, Plaintiff makes no assertion that Defendant Ricardo Rodriguez Jr. acted outside of the scope of his prosecutorial duties, nor that he took any action not "intimately associated with the judicial phase of the criminal process[.]" *Nicolais*, 2024 WL 4113752, at *3. In fact, Plaintiff's entire claim appears to surround Defendant Ricardo Rodriguez Jr.'s decision, while he was head prosecutor for the county, to not prosecute an alleged assault as a felony. (Dkt. No. 2 at 3). This is precisely the type of claim that is protected by absolute prosecutorial immunity, and Plaintiff therefore fails to state a claim against Defendant Ricardo Rodriguez Jr. *See Boggess v. Chamness*, No. 6:25-CV-00064-JDK, 2025 WL 978998, at *2 (E.D. Tex. Mar. 3, 2025) (dismissing claims under § 1915(e)(2) screening where "[a]ll of her factual allegations relate to the prosecution of the alleged matter that is within the scope of the duties as a prosecutor.").

Moreover, even if Defendant Ricardo Rodriguez Jr. was not entitled to prosecutorial immunity, Plaintiff has no right to direct the prosecution of another individual. *See Morrison,*

2023 WL 9231399, at *5; *Lefebure*, 15 F.4th at 657. Thus, Plaintiff fails to identify a constitutional violation and fails to state a claim.

Accordingly, claims against Defendant Ricardo Rodriguez Jr. should be dismissed.

### 12. Daniel Rodriguez

While Daniel Rodriguez is added as a defendant in Plaintiff's Amended Complaint (*see* Dkt. No. 20 at 1), Plaintiff makes no factual allegations against him. In fact, a careful review of the filings reveals no factual assertions regarding Defendant Daniel Rodriguez. This will not suffice, and Plaintiff has failed to state a claim against Daniel Rodriguez. *See Oliver*, 276 F.3d at 741; *Nicolais*, 2024 WL 4113752, at *2; *Raphiel*, 2025 WL 2046538, at *2.

Accordingly, the claim against Daniel Rodriguez should be dismissed.

### 13. Officer Flores

While "Officer Flores" is added as a defendant in Plaintiff's Amended Complaint (*see* Dkt. No. 20 at 1), Plaintiff makes no factual allegations against him/her. A careful review of the filings fails to reveal this defendant's full name, much less any factual assertion in support of a claim for relief. Thus, this claim must fail. *See Oliver*, 276 F.3d at 741; *Nicolais*, 2024 WL 4113752, at *2; *Raphiel*, 2025 WL 2046538, at *2.

Accordingly, the claim against Defendant "Officer Flores" should be dismissed.

### 14. Juan Alvarez

Juan Alvarez, too, was added as a defendant in Plaintiff's Amended Complaint (*see* Dkt. No. 20 at 1). However, Plaintiff makes no factual allegations against Defendant Juan Alvarez. A careful review of the filings provides no clarity. Thus, this claim must fail. *See Oliver*, 276 F.3d at 741; *Nicolais*, 2024 WL 4113752, at *2; *Raphiel*, 2025 WL 2046538, at *2.

29

Accordingly, the claim against Juan Alvarez should be dismissed.

### C.    Additional Motions

#### 1.    Motion for Appointment of Counsel

Plaintiff filed Motion to Appoint Counsel on July 21, 2025. (*See* Dkt. No. 4). Therein, Plaintiff asks the Court to appoint legal counsel in this matter, explaining that he "is a legally blind, disabled citizen, facing multiple layers of municipal and governmental retaliation, discrimination, and civil rights violations." (*Id.* at 2). Plaintiff claims he has limited access to legal materials and assistance due to his disability, and "lacks formal legal training or representation to adequately litigate a matter of this scope and significance." (*Id.*).

The Court notes that Plaintiff has been able to submit pleadings and request summonses as to all defendants, file various addendums, draft and file various motions, and file additional lawsuits against other defendants involving similar claims and without the assistance of counsel. In other words, Plaintiff has been able to effectively represent himself. However, no further analysis is necessary on this point[11] as the Court recommends dismissal of Plaintiff's Complaint so this Motion (Dkt. No. 4) should be denied as moot.

#### 2.    Motion to Withdraw Prior Filing Due to Clerical Error

On August 11, 2025, Plaintiff filed Motion to Strike or Withdraw Prior Filing Due to Clerical Error. (*See* Dkt. No. 15). Therein, Plaintiff explains that he "inadvertently submitted an

---

[11] In a civil case, appointment of counsel is not a constitutional right, and is provided only when exceptional circumstances exist. *Day v. Amazon.com Inc.*, No. 4:24-CV-512-P, 2024 WL 6051481, at *1 (N.D. Tex. June 17, 2024) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)). In determining whether exceptional circumstances warrant appointment of counsel courts look at: (1) the type and complexity of the case; (2) plaintiff's ability to present and investigate the case; (3) the presence of conflicting testimony and necessity of skilled cross-examination; (4) likelihood the appointment would benefit the court, plaintiff, and defendants by shortening the trial and assisting in just determination. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

incorrect or incomplete version of the filing related to the above-referenced case due to a printing error." (*Id.* at 1). Thus, Plaintiff requests the Court strike the previous erroneous submission and instead rely on the corrected version of the complaint and supporting documentation. (*Id.*). Further, Plaintiff requests a filing log or receipt confirming the Court's record of submissions to ensure an accurate docket. (*Id.*).

Because the Court recommends dismissal of Plaintiff's complaint, the Court further recommends this Motion (Dkt. No. 15) be denied as moot.

### 3.      Emergency Motion for Criminal Referral and Injunctive Relief

On August 1, 2025, Plaintiff filed Emergency Motion in Brevis for Criminal Referral, ADA Enforcement, and Injunctive Relief. (*See* Dkt. No. 18). Therein, Plaintiff alleges retaliation and derogatory treatment by city staff, failure to investigate hate crimes and assaults targeting Plaintiff as a disabled person, interception and obstruction of legal communications, and suppression of investigative records by the City Attorney and District Attorney. (*Id.* at 2). As such, Plaintiff requests immediate injunctive relief to halt ongoing acts of harassment, retaliation, and ADA violations, and asks the Court to refer this matter to the U.S. Department of Justice, Civil Rights Division and the U.S. Attorney's Office for the Southern District of Texas, and to order an emergency hearing to address ongoing harm and to consider further protective measures. (*Id.*).

Because the Court recommends dismissal of Plaintiff's complaint, the Court further recommends this Motion (Dkt. No. 18) be denied as moot.

### 4.      Motion for Writ of Habeas Corpus & Request for Criminal Investigation

Plaintiff filed Petition for Writ of Habeas Corpus & Request for Criminal Investigation on August 11, 2025. (*See* Dkt. No. 19). Therein, Plaintiff requests the Court (1) issue a writ of habeas corpus declaring that the ongoing acts of retaliation, obstruction, and ADA violations constitute

31

unlawful restraint; (2) order immediate cessation of all retaliatory and discriminatory acts by Defendants; (3) refer this matter to the U.S. Department of Justice, Civil Rights Division, for criminal investigation and prosecution; (4) order protective measures to safeguard Plaintiff's medical privacy, mobility rights, and access to justice; and (5) grant such other and further relief the Court deems just and proper. (*Id.* at 2-3).

As a preliminary matter, Plaintiff cannot request relief under 28 U.S.C. § 2241 because he is not a prisoner "in custody" under the conviction or sentence of any jurisdiction and there is no conviction or sentence he seeks to attack as he is not currently incarcerated, nor is he attacking any conviction. *See* 28 U.S.C. § 2241(c), 2254(a); *Stone v. Dallas Cnty. Jail*, No. 3:22-cv-882-E-BN, 2022 WL 1557671, at *1 (N.D. Tex. Apr. 25, 2022) (explaining "in custody" requirement for habeas relief), *report and recommendation adopted*, 2022 WL 1556157 (N.D. Tex. May 17, 2022). Similarly, Plaintiff's request for an investigation is not a form of relief available under § 2241. *See Thomas v. Merida*, No. 3:21-CV-447-K-BK, 2021 WL 2384697, at *2 (N.D. Tex. May 21, 2021).

In the same vein, Plaintiff's request for an investigation is not a ground of relief available through § 2241. *See Thomas v. Merida*, No. 3:21-CV-447-K-BK, 2021 WL 2384697, at *2 (N.D. Tex. May 21, 2021). And "the judicial branch of government does not interfere with the executive branch's authority to investigate and prosecute violations of criminal laws." *Wise v. Warden, FCI Texarkana*, No. 3:15-cv-02223, 2017 WL 2869070, at *2 (E.D. Tex. July 5, 2017) (citations omitted). Thus, an individual has no right to initiate a criminal investigation, and the Court cannot order such. *Johnson v. Nunez*, No. 2:23-cv-00087, 2023 WL 6931352, at *3 (S.D. Tex. Aug. 23, 2023) (collecting cases).

32

Nevertheless, despite the noted controlled precedent, because the Court recommends the dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 19) should be denied as moot.

> 5.　Motion for Leave to File Electronically as a Pro Se Litigant

Plaintiff filed Motion for Leave to File Electronically as a Pro Se Litigant on August 19, 2025. (*See* Dkt. No. 22). Therein, Plaintiff seeks CM/ECF access as a reasonable accommodation under the ADA, "due to limited mobility and lingual blindness, which make travel to the courthouse and manual filing of documents unduly burdensome." (*Id.* at 2).

The Court notes that Plaintiff was granted permission to email his filings to the District Clerk for purposes of filing as of September 18, 2025. (*See* Dkt. Entry, Dated September 18, 2025). However, because the Court recommends dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 22) should be denied as moot.

> 6.　Motion to Consolidate

Finally, on January 5, 2026, Plaintiff filed Plaintiff's Motion to Consolidate Cases Pursuant to Rule 42(a). (*See* Dkt. No. 32). Plaintiff seeks to consolidate Civil Action No. 7:25-cv-00362 and Civil Action No. 7:25-cv-00363 because they arise from the same operative facts, involve common legal issues, and seek similar relief. (*Id.* at 2).

Because the Court recommends dismissal of Plaintiff's complaint, the Court further recommends this Motion (Dkt. No. 32) be denied as moot.

## III.    CONCLUSION

### *Recommended Disposition*

After review of the filings and relevant case law, for reasons outlined above, it is recommended that Plaintiff's Complaint be **DISMISSED** as follows:

(1) Plaintiff's claims brought under 42 U.S.C. § 1983 should be **DISMISSED with prejudice** for failure to state a claim;

(2) Plaintiff's claims brought against the municipality under *Monell* should be **DISMISSED with prejudice** for failure to state a claim;

(3) Plaintiff's claims brought under Title II of the ADA and Section 504 of the Rehabilitation Act should be **DISMISSED with prejudice** for failure to state a claim;

(4) Any and all claims brought under Texas state law should be **DISMISSED without prejudice;**[12] and

(5) Any claims against Laura Renteria, Selena Hinojosa, James Lugo, Israel De La Rosa, Daniel Rodriguez, Officer Flores, and Juan Alvarez should be **DISMISSED without prejudice** for failure to state a claim.

Finally, it is recommended that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 4), Motion to Strike or Withdraw Prior Filing Due to Clerical Error (Dkt. No. 15), Emergency Motion in Brevis for Criminal Referral, ADA Enforcement, and Injunctive Relief (Dkt. No. 18), Motion for Writ of Habeas Corpus and Request for Criminal Investigation (Dkt. No. 19), Motion

---

[12] *See Lucky Tunes #3, L.L.C. v. Smith*, 812 F. App'x 176, 184 (5th Cir. 2020) (finding that state law claims dismissed where district court declined to exercise supplemental jurisdiction should have been dismissed without prejudice); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (concluding that such claims "should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court.").

to File Electronically (Dkt. No. 22) and Plaintiff's Motion to Consolidate Cases Pursuant to Rule 42(a) (Dkt. No. 32), all be **DENIED as moot**.

It is further recommended that the matter be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.  *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall also provide a copy of this Order to Plaintiff and Counsel for Defendants.

**DONE** at McAllen, Texas, this 3rd day of March 2026.

Juan F. Alanis
United States Magistrate Judge

35