United States District Court
Southern District of Texas
**ENTERED**
March 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| DAVID ABISAI REYES-MEDRANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:25-CV-00362 |
| | § | |
| JUAN MANUEL GARZA, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the March 3, 2026, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Juan F. Alanis, (Dkt. No. 33), and Plaintiff's March 16, 2026, Motion for Extension of Time to File Objections to Report and Recommendation, (Dkt. No. 34). The Court addresses each in turn.

Plaintiff asks for a 90-day extension to file objections to Judge Alanis's M&R. (Dkt. No. 34). He cites his "significant visual impairment" and his attempts "to obtain legal assistance." (*Id.* at 2). The Court is unpersuaded that those reasons justify his requested extension. (*See id.*). First, the Court agrees with Judge Alanis's assessment that Plaintiff's visual impairment does not preclude his ability to "effectively represent himself" in this case. (Dkt. No. 33 at 30). Judge Alanis observes that Plaintiff has filed pleadings, requested summonses for all defendants, submitted addenda, drafted and filed motions, and filed other lawsuits against different defendants raising similar claims—all without

counsel.[1]  (*See id.*).  The undersigned therefore finds that same record also extends to Plaintiff's ability to read and prepare objections to Judge Alanis's M&R.  (*See id.*).  Second, Judge Alanis held two status hearings and twice granted Plaintiff generous extensions to amend and clarify his complaint and to obtain counsel. (Dkt. Entry, dated Sept. 26, 2025); (Dkt. Entry, dated Dec. 5, 2025).  Plaintiff failed to do either.  (Dkt. No. 33 at 8).  The Court therefore **DENIES** Plaintiff's Motion for Extension.  (Dkt. No. 34).

The Court next addresses Judge Alanis's M&R.  Judge Alanis made findings and conclusions in his M&R, (Dkt. No. 33), and recommended that Plaintiff's Complaint, (Dkt. Nos. 2, 20), be dismissed.  The Parties were provided proper notice and the opportunity to object to the M&R.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  No party filed an objection.  As a result, review is straightforward: plain error.  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).  No plain error appears.

Accordingly, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1)    Judge Alanis's M&R, (Dkt. No. 33), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2)    Plaintiff's Motion for Extension of Time to File Objections to Report and Recommendation, (Dkt. No. 34), is **DENIED**;

---

[1]    In a civil case, appointment of counsel is not a constitutional right, and is provided only when exceptional circumstances exist. *Day v. Amazon. com Inc.*, No. 4:24-CV-512-P, 2024 WL 6051481 , at *1 (N.D. Tex. June 17, 2024) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)).  In determining whether exceptional circumstances warrant appointment of counsel courts look at: (1) the type and complexity of the case; (2) plaintiff's ability to present and investigate the case; (3) the presence of conflicting testimony and necessity of skilled cross-examination; (4) likelihood the appointment would benefit the court, plaintiff, and defendants by shortening the trial and assisting in just determination. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

(3)     Plaintiff's Complaint, (Dkt. Nos. 2, 20), is **DISMISSED** as follows:

    a.  Plaintiff's claims brought under 42 U.S.C. § 1983 are **DISMISSED with prejudice** for failure to state a claim;

    b.  Plaintiff's claims brought against the municipality under *Monell* are **DISMISSED with prejudice** for failure to state a claim;

    c.  Plaintiff's claims brought under Title II of the ADA and Section 504 of the Rehabilitation Act are **DISMISSED with prejudice** for failure to state a claim;

    d.  Any and all claims brought under Texas state law are **DISMISSED without prejudice**; and

    e.  Any claims against Laura Renteria, Selena Hinojosa, James Lugo, Israel De La Rosa, Daniel Rodriguez, Officer Flores, and Juan Alvarez are **DISMISSED without prejudice** for failure to state a claim; and

(4)     Plaintiff's Motion for Appointment of Counsel, (Dkt. No. 4), Motion to Strike or Withdraw Prior Filing Due to Clerical Error, (Dkt. No. 15), Emergency Motion in Brevis for Criminal Referral, ADA Enforcement, and Injunctive Relief, (Dkt. No. 18), Motion for Writ of Habeas Corpus & Request for Criminal Investigation, (Dkt. No. 19), Motion for Leave to File Electronically as a Pro Se Litigant, (Dkt. No. 22), and Motion to Consolidate Cases Pursuant to Rule 42(a), (Dkt. No. 32), are all **DENIED as moot**.

It is SO ORDERED.

Signed on March 24, 2026.

                                          **DREW B. TIPTON**
                               **UNITED STATES DISTRICT JUDGE**

3